McENTIRE *v.* BERRY *et al*, *executors.*

Land held under bond for title is not subject to levy and sale as the property of the holder, unless some of the purchase price has been paid ; and the payment of interest on the purchase money notes is not payment of any of the purchase price.

(*a*) Though there was error in the charge of the court, the evidence demanded the verdict, and a new trial is not required.

May 7, 1890.

Bonds for title. Executions. Levy and sale. Charge of court. Verdict. Before Judge MILNER. Murray superior court. August term, 1889.

A *fi. fa.* based on a judgment of August 16, 1886, in favor of J. C. McEntire against John H. Peeples principal, and J. W. Patrick security, was on November 30, 1886, levied upon certain land as the property of Patrick. This land was claimed by John Bryant; and Bryant having died, his executors were made parties. Upon the trial it was admitted that Patrick was in possession at the time of the judgment, and claimant assumed the burden. It was admitted that Bryant had the legal title to the land and that he bargained it in two separate parcels to Patrick, giving him bond for titles and taking his notes, one $95, and for the other $400, both expressing in their face that they were given for part of the purchase money of the land. Evidence was introduced by claimant, tending to show that one Overby, before the date of the trade of one of the parcels by Bryant to Patrick, had bargained for the land and was to pay for it $600, $200 in the fall after plaintiff's judgment was rendered. Before the trade between Bryant and Patrick, Patrick had traded with Overby, paying Overby $400 and assuming to pay Bryant the $600 which Overby owed for the land. To this Bryant assented and took Patrick's paper in place of Overby's. Overby does not know whether Patrick paid any money to Bryant, but in the spring thereafter heard Bryant ask Patrick if he could not get him up some money on this debt, which Patrick said he would do by the next sale day. The place is worth for rent $60 per year. In the fall of 1886, Overby thinks in October, Overby heard Patrick tell Bryant he was in bad health, could not pay for the land and wanted Bryant to take it back. Bryant offered to give up his notes and take up his bond, but Patrick wanted $300; and they did not agree.

Overby afterwards heard them say that they had re-
scinded their trade and Bryant had paid or given Pat-
rick $275. Patrick died the next spring. He went
into possession of each parcel about the time the notes
were given for each respectively. One of Bryant's ex-
ecutors went, during the fall term, 1889, of Murray
superior court, to the widow of Patrick and received
from her the two notes of $400 and $95. He went
with her through her husband's papers, and this was
all she could find, though she said she had one more for
$100 which, if she found, she would send to him. There
was some further evidence tending to show that there
was another note for $100. The trade between Bryant
and Patrick was rescinded about November 1, 1886. It
was admitted that the interest on the notes, admitted
to have been given, had been paid up to January 1,
1885, and that the first trade for part of the land was
made in 1876, and the other on September 19, 1882, the
first named being when the $95 note was given, and the
last when the $400 note was given.

For the plaintiff there was evidence tending to show
that when Bryant and Patrick rescinded the trade,
Bryant took up his bond and delivered Patrick· some
notes and money, saying to those who were present
that he was making Patrick a present of $275. Before
the rescission of the trade, Bryant said to one Williams
he was going to buy back the land and give $1,000 for
it, that Patrick owed him about $730, and he would pay
Patrick the remainder, and if Williams would turn
over to him a claim Williams had on Patrick, he would
save it for him. Before Williams saw Bryant again, the
matter had been settled, and Williams did not get ·his
money. Williams was Bryant's brother-in-law.

The court charged that if all of the purchase money
to Bryant had been paid by Patrick, the jury should
find the land subject, but if only a part of it had been

paid, they should find it not subject, provided Bryant and Patrick rescinded the trade fairly and in good faith before plaintiff's levy was made. A verdict was rendered finding the property not subject, and judgment was duly entered. The plaintiff excepted to the charge and to the judgment.

R. J. & J. McCamy, for plaintiff.

McCutchen & Shumate, for defendants.

Simmons, Justice.

While the court erred in its charge in this case (see *Stewart* v. *Berry*, 84 *Ga.* 177), we will not reverse its judgment in refusing to grant a new trial; for the evidence in the case demanded the verdict. There was no evidence submitted to the jury which would authorize it to find that any part of the purchase money had been paid by Patrick to Berry. The plaintiff in *fi. fa.* cannot subject land held under bond for title, unless he shows that some part of the purchase money has been paid; and the payment of interest on the purchase money notes is not a payment of any part of the purchase money.          *Judgment affirmed.*